IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FREDERIC Z. HENSLEY and DIANNE R. HENSLEY,<br><br>    *Plaintiffs,*<br><br>v.<br><br>3M COMPANY, et al.,<br><br>    *Defendants.* | Civil Action No. 2:15-cv-2087-ASB<br><br>**DEFENDANT 3M COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** |

Comes now Defendant, 3M Company, by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiffs' Complaint ("Complaint"). Any allegation in the Complaint not specifically admitted herein is denied. More specifically, 3M Company states:

## RESPONSE TO JURISDICTION

1. 3M Company denies the allegations contained in paragraph 1 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO FIRST CAUSE OF ACTION

2. 3M Company denies the allegations contained in paragraph 2 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

3. 3M Company denies the allegations contained in paragraph 3 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

4. 3M Company has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies the same, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

5. 3M Company has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and therefore denies the same, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

6. 3M Company denies the allegations contained in paragraph 6 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

7. 3M Company denies the allegations contained in paragraph 7 of the Complaint, including all subparts, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

**RESPONSE TO SECOND CAUSE OF ACTION**

8. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of this Answer with the same force and effect as those set forth here in full.

9. 3M Company denies the allegations contained in paragraph 9 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

10. 3M Company denies the allegations contained in paragraph 10 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

11. 3M Company denies the allegations contained in paragraph 11 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO THIRD CAUSE OF ACTION

12. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 11 of this Answer with the same force and effect as those set forth here in full.

13. 3M Company denies the allegations contained in paragraph 13 of the Complaint, insofar as the allegations therein are directed against it, and, further, specifically denies that any implied warranty was made, breached, or that any alleged breach of same resulted in any damage to Plaintiffs.

14. 3M Company denies the allegations contained in paragraph 14 of the Complaint, insofar as the allegations therein are directed against it, and, further, specifically denies that any implied warranty was made, breached, or that any alleged breach of same resulted in any damage to Plaintiffs.

15. 3M Company denies the allegations contained in paragraph 15 of the Complaint, insofar as the allegations therein are directed against it, and, further, specifically denies that any implied warranty was made, breached, or that any alleged breach of same resulted in any damage to Plaintiffs.

## RESPONSE TO FOURTH CAUSE OF ACTION

16. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as those set forth here in full.

17. 3M Company denies the allegations contained in paragraph 17 of the Complaint, including all subparts, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO FIFTH CAUSE OF ACTION

18. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as those set forth here in full.

19. 3M Company denies the allegations contained in paragraph 19 of the Complaint, including all subparts, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

20. 3M Company denies the allegations contained in paragraph 20 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO SIXTH CAUSE OF ACTION

21. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as those set forth here in full.

22. 3M Company denies the allegations contained in paragraph 22 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

23. 3M Company denies the allegations contained in paragraph 23 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

24. 3M Company denies the allegations contained in paragraph 24 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

### RESPONSE TO SEVENTH CAUSE OF ACTION

25. 3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 24 of this Answer with the same force and effect as those set forth here in full.

26. 3M Company denies the allegations contained in paragraph 26 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

### RESPONSE TO DAMAGES

27. 3M Company denies the allegations contained in paragraph 27 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

28. 3M Company denies the allegations contained in paragraph 28 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

29.     3M Company denies the allegations contained in paragraph 29 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

30.     3M Company denies the allegations contained in paragraph 30 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO EIGHTH CAUSE OF ACTION

31.     3M Company repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as those set forth here in full.

3M Company denies the allegations contained in the paragraph immediately following paragraph 31 of the Complaint, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## RESPONSE TO DAMAGES

3M Company denies the allegations contained in the Damages section following paragraph 31, insofar as the allegations therein are directed against it. As to the remainder of the allegations, they do not apply to this Defendant, and therefore, this Defendant does not respond to same.

## FOR A FIRST DEFENSE

32.     Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**FOR A SECOND DEFENSE**

33.     Plaintiffs' Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

**FOR A THIRD DEFENSE**

34.     Plaintiffs' Complaint is barred by laches.

**FOR A FOURTH DEFENSE**

35.     This Defendant denies that the Plaintiffs have incurred any injuries or damages. However, as to any injuries or damages the Plaintiffs allege were incurred, the Plaintiffs voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Plaintiffs' Complaint and, therefore, Plaintiffs are not entitled to recover from this Defendant.

**FOR A FIFTH DEFENSE**

36.     Plaintiffs' claims are barred, in whole or in part, by the comparative negligence of the plaintiff; in the alternative, any award to the plaintiff should be reduced by the percentage that the Plaintiffs' conduct caused Plaintiffs' damages.

**FOR A SIXTH DEFENSE**

37.     This Defendant specifically denies that it mined, manufactured, processed, imported and/or sold any asbestos or asbestos-containing material which allegedly caused or contributed to the alleged injuries or damages of the Plaintiffs. This Defendant further denies that, for those periods of time alleged by the Plaintiffs, any product or action or inaction on its part caused any damage to the Plaintiffs.

**FOR A SEVENTH DEFENSE**

38.     Plaintiffs were not exposed to any asbestos materials through any act or omission of this Defendant or, if such exposure occurred, which is denied, such exposure was of such

insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiffs' damages, if any, as a matter of law. Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured the Plaintiffs in any manner or at any time.

## FOR AN EIGHTH DEFENSE

39. The claims raised in Plaintiffs' Complaint are barred by the applicable workers' compensation laws.

## FOR A NINTH DEFENSE

40. Plaintiffs misused or improperly used the products manufactured and/or sold by this Defendant and such misuse or improper use proximately caused or contributed to, in whole or in part, the alleged conditions described in the Complaint and the alleged damages Plaintiffs claim were sustained, and, therefore, this Defendant is not liable for any injuries or damages claimed by the Plaintiffs.

## FOR A TENTH DEFENSE

41. If Plaintiffs suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and the Plaintiff, therefore, is not entitled to recover from this Defendant.

## FOR AN ELEVENTH DEFENSE

42. This Defendant is not liable to Plaintiffs with respect to the injuries alleged in the Plaintiffs' Complaint because such injuries, if any, were caused by pure accident in terms of law.

## FOR A TWELFTH DEFENSE

43. There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

## FOR A THIRTEENTH DEFENSE

44. To the extent that the Plaintiffs have received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiffs' Complaint in each and every count and cause of action alleged therein is barred by the defenses of payment and accord and satisfaction.

## FOR A FOURTEENTH DEFENSE

45. Plaintiffs failed to mitigate their damages, if any.

## FOR A FIFTEENTH DEFENSE

46. If the Plaintiffs have heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of said settlements.

## FOR A SIXTEENTH DEFENSE

47. Plaintiffs' Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## FOR A SEVENTEENTH DEFENSE

48. To the extent Plaintiffs' Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v.*

*Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

## FOR AN EIGHTEENTH DEFENSE

49.     To the extent that Plaintiffs' Complaint seeks punitive damages, this Defendant affirmatively pleads the following in regard to punitive damages: (a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution; (b) An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution; (c) The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the South Carolina Constitution; (d) An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the South Carolina Constitution; and (e) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## FOR A NINETEENTH DEFENSE

50.     This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

### FOR A TWENTIETH DEFENSE

51. In the manufacture, distribution and sale of its products, this Defendant at all times used reasonable care, skill and diligence and complied with generally established and accepted standards in the industry, and this Defendant's products, when used properly, are, were, and have been safe and fit for their intended use and purpose at all relevant times.

### FOR A TWENTY-FIRST DEFENSE

52. This Defendant had no duty to warn Plaintiffs of the risks and dangers, if any, associated with asbestos or asbestos-related products.

### FOR A TWENTY-SECOND DEFENSE

53. There has been no concert of action between this Defendant and any of the other named defendants. The defendants are not joint tortfeasors and, therefore, this Defendant may not be held jointly and severally liable with the other named defendants.

### FOR A TWENTY-THIRD DEFENSE

54. This Defendant denies that there existed any warranties, either express or implied, between it and the Plaintiffs. Even if such warranties existed, the Plaintiffs' claim for breach of warranty is barred by the Plaintiffs' failure to comply with the notice provisions required by South Carolina law and because there is no privity of contract.

### FOR A TWENTY-FOURTH DEFENSE

55. This Defendant cannot be liable to the Plaintiffs under the doctrine of strict liability, to the extent the Plaintiffs were not exposed to or injured by a product sold as new property after the effective date of the statute, or to the extent that the Plaintiffs commenced this action more than ten years from the date of sale of any product of this Defendant which allegedly caused or otherwise brought about the Plaintiffs' alleged injuries.

**FOR A TWENTY-FIFTH DEFENSE**

56.     If Plaintiff sustained the injuries and/or damages alleged, which is specifically denied, then such injuries and/or damages were proximately caused by the acts and/or omissions of the Plaintiffs' employers with respect to the maintenance of a healthy and safe work site and environment, which were under the employers' exclusive control and possession.

**FOR A TWENTY-SIXTH DEFENSE**

57.     Plaintiffs neither used nor were exposed to any product manufactured, sold and/or supplied by this Defendant.

**FOR A TWENTY-SEVENTH DEFENSE**

58.     This Defendant's first notice of the claims set forth in Plaintiffs' Complaint was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

**FOR A TWENTY-EIGHTH DEFENSE**

59.     This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant neither knew, nor could have reasonably known, that products of the type it manufactured presented any risk of harm, which risk of harm is denied, to the Plaintiffs if properly used.

**FOR A TWENTY-NINTH DEFENSE**

60.     Defendant is not liable to Plaintiff because Plaintiffs' employer(s), his union, or entities other than this Defendant, were learned intermediaries and sophisticated users of the products in question who were warned of, or were otherwise aware of, or should have been aware of the alleged potential risks and dangers inherent in the product(s), were in a position to understand and inform Plaintiff of the alleged risks, and had an independent duty to protect

Plaintiff from, and/or warn Plaintiff of, any alleged potential risks or dangers, thereby relieving the Defendant of any alleged duty, which duty is denied.

## FOR A THIRTIETH DEFENSE

61. Plaintiff does not have standing to bring this claim pursuant to Section 15- 5-150 S.C. Code Ann., also referred to as South Carolina's Door Closing Statute.

## FOR A THIRTY-FIRST DEFENSE

62. Defendant hereby notifies the Court and all parties that under traditional South Carolina choice of law principles, the substantive law governing this action may be determined by the laws of another state. Defendant asserts that the injury complained of may have occurred outside of the State of South Carolina and, if so, under the doctrine of lex loci delicti, the law of the state in which the injury occurred, applies.

## FOR A THIRTY-SECOND DEFENSE

63. Any asbestos or any other product used or incorporated into any product of this Defendant was used and incorporated into such product pursuant to and in accordance with specifications mandated by the government of the United States and its agencies. The knowledge of the United States government and its agencies of any possible health hazards from the use of such products was superior to that of this Defendant, and by reason thereof, this Defendant is entitled to assume any immunity from liability which exists in favor of the United States government or its agencies.

## FOR A THIRTY-THIRD DEFENSE

64. This answering Defendant hereby reserves the right to assert additional affirmative defenses as discovery warrants and to the extent permitted by law.

**JURY TRIAL DEMAND**

This Defendant requests trial by jury of all issues so triable.

WHEREFORE, having fully answered the Complaint herein, the Defendant prays that the same be dismissed with costs and such further relief as the Court deems just and proper.

Respectfully submitted this the 3d day of June, 2015.

        /s/ Michael C. Griffin
Michael C. Griffin SC Bar No. 10302
Bradley Arant Boult Cummings LLP
Bank of America Corporate Center
100 North Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704) 338-6000
Facsimile: (704) 332-8858
mgriffin@babc.com

*Attorneys for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3d day of June 2015, I have filed electronically filed with the Clerk of Court a true copy of the foregoing **DEFENDANT 3M COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** using the CM/ECF system which will send notification of such filling to all parties as listed below:

W. Christopher Swett
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
cswett@motleyrice.com

*Attorneys for Plaintiffs*

/s/ Michael C. Griffin
Michael C. Griffin (SC Bar No. 10302)